14 Civ. 3296 (LTS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK MARCUS,

                                                                                    Plaintiff,

- against -

CITY OF NEW YORK; Police Officer ERIC HERNANDEZ, Shield No. 015957; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CITY OF NEW YORK'S MOTION
FOR A STAY OF THIS CIVIL ACTION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Matthew J. Modafferi*
*Tel:  (212) 356-2331*
*Matter No. 2014-019030*

**PRELIMINARY STATEMENT**

Plaintiff Derrick Marcus commenced this action on May 7, 2014 alleging that defendants City of New York, Police Officer Eric Hernandez and John Doe Officers violated his constitutional and common law rights. Plaintiff alleges, *inter alia*, that on February 7, 2013, he was falsely arrested and subjected to excessive force by officers. See generally Plaintiff's Complaint. In paragraph 34 of his complaint, Plaintiff alleges that the criminal charges against him are pending. After conferring with Plaintiff's counsel, the charges are in fact pending and, upon information and belief, the NYPD is investigating the underlying incident. The parties do not know when the criminal matter or the internal investigation, if any, will conclude. However, if acceptable to the Court, defendant City will provide the Court with a status report every sixty days. Since the criminal case against Plaintiff is currently pending and there might be an internal investigation also pending, defendant City respectfully request a stay of this action until both the criminal matter and the internal investigation are concluded.

**A STAY OF THIS ACTION IS WARRANTED BECAUSE THE CRIMINAL CASE AGAINST PLAINTIFF IS PENDING AND, UPON INFORMATION AND BELIEF, THERE IS AN ON-GOING INTERNAL INVESTIGATION INTO THE OFFICERS INVOLVED**

"A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." Bristol v. Nassau County, 08-CV-3480, 2010 U.S. Dist. LEXIS 39634, at *1-2 (E.D.N.Y. Apr. 22, 2010) (quoting Johnson v. New York City Police Dept., 01 Civ. 6570, 2003 U.S. Dist. LEXIS 12111, at *3 (S.D.N.Y. July 16, 2003)). "It is well settled that the court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995).

"A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Crawford & Sons v. Besser, 298 F. Supp. at 317, 319 (E.D.N.Y. 2004).

Here, the civil and criminal actions involve the same underlying incident. The parties would benefit in discovery from having the complete criminal file and a criminal conviction would potentially negate Plaintiff's false arrest claim. See Mack v. Varelas, 835 F.2d 995, 999 (2d Cir. 1987) (stay warranted where one possible outcome of the criminal proceedings could negate an essential element of plaintiff's Section 1983 claim); see also Crawford & Sons, 298 F. Supp. at 319 (finding that a stay would "avoid duplication" as a "conviction or acquittal in the criminal action may negate or buttress some or all of the plaintiffs' claims" and provide the parties with the benefit of "the transcript and rulings in the criminal action"). Plaintiff consents to the stay and agrees that having the criminal proceeding resolved would streamline this civil matter.[1]

A stay is also warranted until the internal NYPD investigation is completed. The law enforcement privilege prevents disclosure of a pending investigation in order to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, et al. 194 F.R.D 88, 93 (S.D.N.Y. 2000), citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d. Cir. 1988) (citations omitted). Thus, defendant City respectfully contends that any documents pertaining to the pending investigations would be protected from disclosure by the law enforcement privilege until the proceedings have been

---

[1] For the reasons set forth herein, and because both parties consent to the stay, defendant City need not analyze each of the six factors listed in Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

completed. Consequently, defendant City can neither identify any of the John Doe Police Officers who are named as defendants, nor mount a defense in this action without first having access to this information. In fact, this office would not be able to speak to the officers involved and determine representation until after the investigation. See Muniz v. City of New York, 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4-5 (S.D.N.Y. Jul. 17, 2012) ("it is obvious that the resolution of the … investigation would greatly assist corporation counsel in determining whether to represent the defendants. What's more, to protect against possible conflicts of interest, corporation counsel has limited contact with these defendants before deciding whether to represent them."). Without the ability to speak to the officers for representation purposes, the current action cannot proceed in any meaningful fashion.

## CONCLUSION

For the foregoing reasons, defendant City of New York respectfully requests that the Court stay this matter until after the criminal case and the internal investigation stemming from the underlying incident are completed, and for such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        June 2, 2014

                              ZACHARY W. CARTER
                              Corporation Counsel
                              of the City of New York
                              Attorney for Defendant City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2331

                      By:  _____/s/_____
                              Matthew J. Modafferi
                              *Assistant Corporation Counsel*
                              Special Federal Litigation Division

4

cc:     Gabriel Harvis, Esq. (By ECF)
        Harvis, Wright & Fett, LLP
        *Attorneys for Plaintiff*
        305 Broadway, 14th Floor
        New York, New York 10007

14 Civ. 3296 (LTS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| DERRICK MARCUS,<br><br>              Plaintiff,<br><br>        -against-<br><br>CITY OF NEW YORK; Police Officer ERIC HERNANDEZ, Shield No. 015957; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>              Defendants. |
| **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION FOR A STAY OF THIS CIVIL ACTION** |
| *ZACHARY W. CARTER*<br><br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br><br>*100 Church Street*<br>*New York, New York  10007*<br>*Of Counsel: Matthew J. Modafferi*<br><br>*Tel:  (212) 356-2331*<br>*NYCLIS No. 2014-019030* |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York  ........................................ , 2014.*<br><br>*............................................................................. Esq.*<br><br>*Attorney for..................................................................* |