UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DERRICK MARCUS,

                    Plaintiff,

          -against-

CITY OF NEW YORK; Police Officer ERIC
HERNANDEZ, Shield No. 015957; Police Officer
ROBERT REID, Shield No. 3724; Police Officer
WILBERT HERNANDEZ, Shield No. 31811;
Sergeant JAMES KELLY, Shield No. 3479; Police
Officer and JOHN and JANE DOE 4 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                    Defendants.

------------------------------------------------------------------x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

14 CV 3296 (LTS)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation
of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and
the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the
United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

<u>JURY DEMAND</u>

6.     Plaintiff demands a trial by jury in this action.

<u>PARTIES</u>

7.     Plaintiff Derrick Marcus ("plaintiff" or "Mr. Marcus") is a resident of Bronx County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Sergeant James Kelly, Shield No. 3479 ("Kelly"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Kelly is sued in his individual and official capacities.

10.     Defendant Police Officer Eric Hernandez, Shield No. 015957 ("E. Hernandez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant E. Hernandez is sued in his individual and official capacities.

11.     Defendant Police Officer Wilbert Hernandez, Shield No. 31811 ("W. Hernandez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant W. Hernandez is sued in his individual and official capacities.

12.     Defendant Police Officer Robert Reid, Shield No. 3724 ("Reid"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Reid is sued in his individual and official capacities.

13.     At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

14.     At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD.  Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

15.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16.    At approximately 1:00 p.m. on February 7, 2013, Mr. Marcus was lawfully in the apartment he shared with his wife and children at 327 Taylor Avenue in the Bronx, New York.

17.    Defendants unlawfully entered Mr. Marcus' home and conducted an illegal search.

18.    The officers tightly handcuffed Mr. Marcus.

19.    While Mr. Marcus was handcuffed, a defendant officer purposefully and violently lifted plaintiff's hands up high behind his back fracturing both of his wrists.

20.    Defendants then pushed Mr. Marcus to the ground causing him to hit the ground face first.

21.    Defendants then kicked Mr. Marcus as he lay handcuffed.

22.    Despite Mr. Marcus' cries of pain, defendants refused to remove his handcuffs.

23.    Defendants put Mr. Marcus in the back of their vehicle in such a way so

that his knees were on the floor of the car.

24.    A defendant said, in sum, "get your fucking knees off my floor" and slammed the door on Mr. Marcus' foot causing further injury.

25.    Mr. Marcus was eventually taken to the 43rd Precinct.

26.    Mr. Marcus repeatedly pleaded for medical treatment, including from a sergeant when Mr. Marcus first arrived at the Precinct.

27.    Despite Mr. Marcus' requests for medical treatment, defendants refused and he remained in a cell for hours untreated and in acute pain.

28.    After approximately twelve hours, Mr. Marcus was transferred to Bronx Central Booking.

29.    Once at Central Booking, Mr. Marcus again pleaded for medical treatment.

30.    Plaintiff was finally taken to Lincoln Hospital Center where he was diagnosed with, amongst other injuries, a fractured right wrist and fitted with a splint.

31.    Following his release and still in pain, Mr. Marcus underwent diagnostic testing that revealed further injuries requiring additional treatment.

32.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

33.   At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

34.   This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

35.   Mr. Marcus suffered damage as a result of defendants' actions.  Plaintiff suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### Unreasonable Force

36.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.   The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

38.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law Assault and Battery

39.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

41.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

42.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### THIRD CLAIM
### Negligent Hiring, Training and Retention

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

45.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

46.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

47.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

48.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Negligent Infliction of Emotional Distress

49.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.    By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

51.    The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

52. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

56. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

58.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.     By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

60.     The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

61.     Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

62.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure to Intervene

63.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

65.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

66.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      January 8, 2016
               New York, New York


HARVIS & FETT LLP


_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*